Clarence Carr and Shakira Carr
1446 Thomas Rd.
Medford OR, 97501
Phone 541-499-0212

FILED 25 FEB 12 16:18 USDC-ORM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF OREGON

**CLARENCE CARR and SHAKIRA CARR,**
**Petitioners,**

**v.**

**OREGON DEPARTMENT OF HUMAN SERVICES (ODHS), et al.,**
**Respondents.**

### Case No.: 1:25-cv-00242-MC

**PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. §2241**

---

## INTRODUCTION

Petitioners Clarence Carr and Shakira Carr, proceeding pro se, respectfully submit this Petition for Writ of Habeas Corpus under 28 U.S.C. §2241, seeking immediate relief from the unlawful restraint imposed by the Oregon Department of Human Services (ODHS) and related state actors through the wrongful removal of their children without due process of law. The actions of Respondents have resulted in a deprivation of fundamental parental rights under the Fourteenth Amendment, necessitating immediate judicial intervention.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §2241, as Petitioners are being unlawfully deprived of their fundamental parental rights.

2. Venue is proper in the District of Oregon pursuant to 28 U.S.C. §1391(b), as the events giving rise to this petition occurred in Jackson County, Oregon.

3. Petitioners allege violations of their First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendment rights, making federal question jurisdiction proper under 28 U.S.C. §1331.

## PARTIES

- Petitioners: Clarence Carr and Shakira Carr, natural parents whose fundamental rights have been violated through the unlawful removal of their children.

- Respondents: Oregon Department of Human Services (ODHS), various CPS agents, Medford Police Department, Officer Cleo Harvey, Jackson County Circuit Court, Attorney General Jeremy Karns, and any and all persons acting in concert to deprive Petitioners of their constitutional rights.

## STATEMENT OF FACTS

1. On October 13, 2023, ODHS agents and Medford Police officers, including Officer Cleo Harvey, removed Petitioners' children without a valid protective custody order and in violation of federal and state law.

2. The Protective Custody Orders and supporting declarations were not filed until October 16, 2023, demonstrating that the removal was conducted without lawful authority.

3. Evidence of fraud and document tampering has been uncovered, including:

   - Protective Custody Orders with altered filing dates.

   - Officer Harvey altering the language of the Protective Custody Order during the removal on body cam.

   - Denial of access to discovery materials for over a year.

   - Police body camera footage confirming the Protective Custody Orders lacked jurisdiction at the time of removal or case number.

4. Discovery withheld for over a year: Petitioners did not receive their case-related discovery materials until November 6, 2024, for Clarence

Carr, and November 19, 2024, for Shakira Carr, despite the case beginning on October 13, 2023.

5. Fraudulent Manipulation of Court Documents:

   o The children were removed from Petitioners' custody on October 13, 2023, yet no Protective Custody Orders or Declarations for Protective Custody were filed until October 16, 2023.

   o The Protective Custody Orders were retroactively altered to reflect an October 13, 2023, filing date, despite the actual filing occurring three days later.

   o Digital manipulation is evident in case number 23JU05153, where the timestamp "OCT 16" is still visible beneath modifications, proving backdating.

   o Body camera footage confirms that the Protective Custody Order read by Officer Harvey contained incomplete jurisdictional language, stating: "This court does or does not [have jurisdiction]." Officer Harvey fraudulently reworded it to falsely state, "This order provides jurisdiction."

6. Denial of an impartial tribunal: The juvenile court exhibited bias, failing to afford Petitioners a fair opportunity to challenge the removal.

7. Violation of the Sixth Amendment right to confront witnesses: Petitioners were denied the right to cross-examine key CPS workers and officers involved in the removal.

8. Eighth Amendment violation: The state's actions amount to cruel and unusual punishment by inflicting prolonged psychological harm on Petitioners and their children.

9. Ninth Amendment violation: The state's actions infringe upon unenumerated fundamental parental rights, which are protected under the Ninth Amendment.

10.      State actors conspired to deprive Petitioners of their parental rights in violation of 42 U.S.C. §1983 and 18 U.S.C. §241 and §242, making this a matter for federal habeas review.

11.      Unlawful placement and safety concerns: Children were placed in overcrowded foster care environments, including residences with known drug users under parole supervision.

12.      Selective enforcement and discriminatory treatment: Petitioners were denied services routinely provided to similarly situated parents, showing an abuse of federal funding and procedural bias.

13.      Retaliatory reduction of visits: Respondents reduced Petitioners' visitation rights without justification or due process, further alienating them from their children.

**GROUNDS FOR RELIEF**

**Ground 1: Violation of the Fourth and Fourteenth Amendments**

Respondents conducted an unlawful warrantless seizure of Petitioners' children, violating the Fourth Amendment's protection against unlawful searches and seizures and the Fourteenth Amendment's guarantee of due process. See Santosky v. Kramer, 455 U.S. 745 (1982).

**Ground 2: Denial of Procedural Due Process**

Petitioners were denied access to crucial court documents and discovery materials for over a year, depriving them of a meaningful opportunity to challenge the removal, violating Mathews v. Eldridge, 424 U.S. 319 (1976).

**Ground 3: Fraud and Misrepresentation by State Actors**

Evidence demonstrates that state actors manipulated legal documents to justify the removal after the fact, violating Mapp v. Ohio, 367 U.S. 643 (1961) and Giglio v. United States, 405 U.S. 150 (1972).

**Ground 4: Violation of the Indian Child Welfare Act (ICWA)**

Respondents failed to comply with ICWA 25 U.S.C. §1901 et seq., depriving Petitioners of federally mandated protections for Native American children.

## Ground 5: Conspiracy to Deprive Constitutional Rights

State actors engaged in a coordinated conspiracy to deprive Petitioners of their parental rights, violating 42 U.S.C. §1983 and criminal statutes 18 U.S.C. §§241, 242.

## RELIEF REQUESTED

**Petitioners respectfully request that this Court:**

1. Issue a Writ of Habeas Corpus directing the Respondents to immediately rectify the unlawful seizure of their children.

2. Order an evidentiary hearing to review the fraudulent removal process.

3. Declare that ODHS's actions were unconstitutional and violated Petitioners' rights under the Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments.

4. Declare that Petitioners' children be returned immediately to their custody.

5. Refer this matter for federal investigation under 18 U.S.C. §§241, 242.

6. Grant any other relief deemed just and proper.

C. Cg Clarence Carr
2-12-25
1446 Thomas Rd
Medford OR 97501
541-499-0212

Shakira Carr
02/12/2025

## CERTIFICATE OF SERVICE

I, **Clarence Carr**, certify that on this _12_ **day of** Febuary 2025 served a true and correct copy of the **Petition for Writ of Habeas Corpus** and all accompanying documents in the above-captioned case on the following parties, as required by applicable rules of procedure:

1. **Clerk of the Court**
   U.S. District Court, District of Oregon
   310 West 6th Street, Medford, OR 97501
   Service by **Hand Delivery**

2. **Attorney General – State of Oregon**
   Office of the Attorney General
   1162 Court Street NE
   Salem, OR 97301

   Service by Mail

3. **Respondents:**

   1. **John C. Howry**
      Attorney at Law
      219 S Holly St
      Medford, OR 97501
      Email: CAM@HOWRYLAW.COM
      MEAGHAN@HOWRYLAW.COM
      **Service by Email**

   2. **Ryan M. Pech, #191812**
      Attorney at Law
      33 N Central Ave, Ste 210
      Medford, OR 97501
      Email: RYAN@MEDFORDLAW.COM
      **Service by Email**

3. **Jeremy Karns, #164144**
   Attorney at Law
   1555 E McAndrews Rd, Ste 200
   Medford, OR 97504
   Email: JEREMY.KARNS@DOJ.STATE.OR.US
   **Service by Email**

4. **Kaitlin Kelly, #183848**
   Attorney at Law
   621 SW Alder St, Ste 600
   Portland, OR 97502
   Email: KAITLIN@KAITLINKELLYLAW.COM
   **Service by Email**

5. **Nadezhda Andreeva**

   2 North Oakdale AVE.

   Medford OR 97501

   Nadia@oregon-law.net

   **Service by Email**

I declare under the penalty of perjury under the laws of the **State of Oregon** that the foregoing is true and correct to the best of my knowledge and belief.

**Executed on:** _2. 12 -25_

**Respectfully submitted,**

Clarence Carr and Shakira Carr
1446 Thomas Rd.
Medford OR, 97501
Phone 541-499-0212
**Pro Se Petitioner**

## WITNESS STATEMENT

**State of Oregon**
County of Jackson

I, Shakira Carr, being duly sworn, declare under penalty of perjury that the following statements are true and correct to the best of my knowledge and belief.

**Statement of Facts**

1. **On November 19, 2024, I received copies of my discovery. Despite the case commencing on October 13, 2023, it took over a year for me to receive these materials. My husband, Clarence Carr, received his discovery on November 6, 2024. This delay severely impacted our ability to defend ourselves and challenge unlawful actions taken against us.**

2. **Repeated Denial of Access to Case-Related Documents. Numerous requests were made to court clerks and reporters for case-related documents, yet they consistently failed to provide them. When the documents were finally obtained, I discovered clear evidence of manipulation and fraud.**

3. **Children Taken Before Any Legal Filing. On October 13, 2023, our children were removed from our custody before any Protective Custody Orders or supporting Declarations were filed. The required documents were not submitted until October 16, 2023, proving the removal was illegal and lacked jurisdiction.**

4. **Fraudulent Alteration of Court Documents. The Protective Custody Orders and accompanying Declarations were falsified to reflect an October 13, 2023, filing date when, in reality, they were not filed until October 16, 2023. Evidence of digital manipulation is visible, including remnants of the original "OCT 16" timestamp and overlapping text on the court filings.**

5. **Contradictory Documentation. The Protective Custody Order bears a state stamp with a filing date of October 16, 2024, while the Declaration for Protective Custody is dated October 13, 2023. These discrepancies indicate fraudulent post-dated filings intended to retroactively justify the unlawful removal of my children.**

6. **Denial of Certified Copies. The court has refused to provide certified copies of official records, obstructing transparency and raising further suspicion regarding the authenticity of the documents.**

7. **Body Camera Evidence Proving Jurisdictional Fraud.** Police body camera footage from the October 13, 2023, removal shows Officer Cleo Harvey reading an incomplete Protective Custody Order stating, "This court does or does not [have jurisdiction]." Officer Harvey then falsely declares, "This order provides jurisdiction," in an attempt to legitimize an invalid order. The footage further reveals that the declarations were made at the time of removal, not prior, making it legally impossible for them to have been properly submitted beforehand.

8. **Misconduct by Child Protective Services (CPS) and Law Enforcement.** CPS agents Ashley Glover, Clarissa Spencer, Rebecca Leonard, Jennifer Nie, Christopher Stone, and Tanny Flowers acted unlawfully by violating due process rights, coercing compliance under threats, and failing to make any reasonable efforts toward reunification.

9. **Medford Police Complicity in Illegal Removal.** Officers, including Cleo Harvey, assisted CPS in executing an unlawful removal, forcefully entering my home without proper jurisdiction and later manipulating official documentation to justify their actions.

10. **Conflicts of Interest and Attorney Misconduct.** Attorneys representing ODHS, including Jeremy Karns, Ryan Pech, Risa Hall, Kaitlin Kelly, and Adrianna Rinehart, knowingly acted in conflicts of interest, failed to provide effective representation, and obstructed justice by disregarding clear violations of my rights.

11. **CPS and DHS Misuse of Taxpayer Funds.** DHS and CPS agents authorized state funds to house known fugitives, including Jordan Farris and Nicholas Savage, at the Rogue Regency Inn in Medford, Oregon, facilitating their visitation with my children. This is a clear violation of ORS 162.325 (hindering prosecution) and represents a misuse of public funds meant for child welfare.

12. **Unsafe and Illegal Foster Care Placement.** DHS knowingly placed my children in a foster home with an individual undergoing active drug treatment, failing to disclose this information. This placement directly violated ORS 419B.192, which mandates safe and appropriate placements for children.

13. **Attorneys Billing for Services While Providing No Legal Representation.** Attorneys assigned to my case billed the state for legal services despite failing to file motions, respond to critical legal issues, or provide any meaningful advocacy. This violates ORS 9.460, which mandates ethical representation.

**State of Oregon**

**County of Jackson**

On this 17ᵗʰ day of February, 20__, before me, the undersigned Notary Public, personally appeared Shakira Carr, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument, and acknowledged that she executed the same for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seal.

Notary Public Signature: _Ezbeydi Mena_

Notary Public Name (Printed): _Ezbeydi E Mena_

Commission Number: _1044059_

My Commission Expires: _01, 04, 2028_

(Seal)

OFFICIAL STAMP
EZBEYDI ZAYANNA MENA
NOTARY PUBLIC - OREGON
COMMISSION NO. 1044059
MY COMMISSION EXPIRES JANUARY 04, 2028

**WITNESS STATEMENT**

**State of Oregon**
**County of Jackson**

I, Clarence Carr, being duly sworn, declare under penalty of perjury that the following statements are true and correct to the best of my knowledge and belief.

**Statement of Facts**

1. **On November 6, 2024, I received copies of my discovery.** Despite the case commencing on October 13, 2023, it took over a year for me to receive these materials. My wife, Shakira Carr, received her discovery on November 19, 2024. This delay severely impacted our ability to defend ourselves and challenge unlawful actions taken against us.

2. **Repeated Denial of Access to Case-Related Documents.** Numerous requests were made to court clerks and reporters for case-related documents, yet they consistently failed to provide them. When the documents were finally obtained, I discovered clear evidence of manipulation and fraud.

3. **Children Taken Before Any Legal Filing.** On October 13, 2023, our children were removed from our custody before any Protective Custody Orders or supporting Declarations were filed. The required documents were not submitted until October 16, 2023, proving the removal was illegal and lacked jurisdiction.

4. **Fraudulent Alteration of Court Documents.** The Protective Custody Orders and accompanying Declarations were falsified to reflect an October 13, 2023, filing date when, in reality, they were not filed until October 16, 2023. Evidence of digital manipulation is visible, including remnants of the original "OCT 16" timestamp and overlapping text on the court filings.

5. **Contradictory Documentation.** The Protective Custody Order bears a state stamp with a filing date of October 16, 2024, while the Declaration for Protective Custody is dated October 13, 2023. These discrepancies indicate fraudulent post-dated filings intended to retroactively justify the unlawful removal of my children.

6. **Denial of Certified Copies.** The court has refused to provide certified copies of official records, obstructing transparency and raising further suspicion regarding the authenticity of the documents.

7. **Body Camera Evidence Proving Jurisdictional Fraud.** Police body camera footage from the October 13, 2023, removal shows Officer Cleo Harvey reading an

incomplete Protective Custody Order stating, "This court does or does not [have jurisdiction]." Officer Harvey then falsely declares, "This order provides jurisdiction," in an attempt to legitimize an invalid order. The footage further reveals that the declarations were made at the time of removal, not prior, making it legally impossible for them to have been properly submitted beforehand.

8. **Misconduct by Child Protective Services (CPS) and Law Enforcement.** CPS agents Ashley Glover, Clarissa Spencer, Rebecca Leonard, Jennifer Nie, Christopher Stone, and Tanny Flowers acted unlawfully by violating due process rights, coercing compliance under threats, and failing to make any reasonable efforts toward reunification.

9. **Medford Police Complicity in Illegal Removal.** Officers, including Cleo Harvey, assisted CPS in executing an unlawful removal, forcefully entering my home without proper jurisdiction and later manipulating official documentation to justify their actions.

10. **Conflicts of Interest and Attorney Misconduct.** Attorneys representing ODHS, including Jeremy Karns, Ryan Pech, Risa Hall, Kaitlin Kelly, and Adrianna Rinehart, knowingly acted in conflicts of interest, failed to provide effective representation, and obstructed justice by disregarding clear violations of my rights.

11. **CPS and DHS Misuse of Taxpayer Funds.** DHS and CPS agents authorized state funds to house known fugitives, including Jordan Farris and Nicholas Savage, at the Rogue Regency Inn in Medford, Oregon, facilitating their visitation with my children. This is a clear violation of ORS 162.325 (hindering prosecution) and represents a misuse of public funds meant for child welfare.

12. **Unsafe and Illegal Foster Care Placement.** DHS knowingly placed my children in a foster home with an individual undergoing active drug treatment, failing to disclose this information. This placement directly violated ORS 419B.192, which mandates safe and appropriate placements for children.

13. **Attorneys Billing for Services While Providing No Legal Representation.** Attorneys assigned to my case billed the state for legal services despite failing to file motions, respond to critical legal issues, or provide any meaningful advocacy. This violates ORS 9.460, which mandates ethical representation.

14. **Bias in Legal Proceedings.** Despite procedural defaults, no attorneys have responded to motions, and they continue arguing against me due to the judge's improper denial of default. This has resulted in a grossly biased proceeding that unfairly disadvantages me and my family.

15. **Unlawful Disclosure of Confidential Information.** CPS agents released confidential records to unauthorized individuals, violating ORS 419B.035, which protects private case details from being disclosed without proper authorization.

16. **Obstruction of Family Reunification.** Despite ORS 419B.090, which mandates efforts to preserve and reunify families, CPS and the court have actively obstructed reunification, refusing to allow visitations and withholding information that would facilitate family reunification.

17. **Failure to Address Judicial and Procedural Misconduct.** The court has ignored multiple filings challenging the jurisdictional defects, fraudulent documentation, and ethical violations by attorneys and CPS agents. This inaction further deprives me of due process and a fair trial.

**Conclusion**

The removal of my children on October 13, 2023, was executed without lawful authority, as there were no valid Protective Custody Orders or Declarations for Protective Custody on record at that time. The subsequent fraudulent alterations of court documents were done to retroactively establish a false legal basis for the removal. Additionally, the misuse of taxpayer funds, conflicts of interest among legal representatives, and unsafe foster care placements highlight systemic corruption within ODHS and the judiciary. The continued refusal to acknowledge these violations has severely impacted my rights as a parent and must be investigated immediately.

I declare under penalty of perjury that the foregoing statement is true and correct to the best of my knowledge and belief.

Signature of Witness: _____ Clarence Carr

Date: 2-10-25

**Notary Public Acknowledgment**

**State of Oregon**
**County of Jackson**

On this 10th day of Feb., 20, before me, the undersigned Notary Public, personally appeared **Clarence Carr**, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument, and acknowledged that he executed the same for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seal.

**Notary Public Signature:** 

**Notary Public Name (Printed):** Logan Michael Stone

**Commission Number:** 1027552

**My Commission Expires:** August 15th, 2026

(Seal)

OFFICIAL STAMP
LOGAN MICHAEL STONE
NOTARY PUBLIC-OREGON
COMMISSION NO. 1027552
MY COMMISSION EXPIRES AUGUST 15, 2026

**Exhibit List – Writ of Habeas Corpus**

**A. Protective Custody Order Lacking Jurisdiction**

- **A-1**: Protective custody order lacking jurisdiction

- **A-2**: Same as A-1, further demonstrating lack of jurisdiction

- **A-3 to A-5**: Documents showing *nunc pro tunc* alterations attempting to establish jurisdiction, clear signs of manipulation

**B. Declarations for Protective Custody with Signs of Manipulation**

- **B-1 to B-4**: Declarations supporting protective custody, containing clear signs of document manipulation

**C. Protective Custody Orders with the Correct Date**

- **C-1 to C-4**: Protective custody orders dated **10/16/2023**, failing to meet legal requirements, including jurisdiction—essentially blank documents

**D. Evidence of Court Document Manipulation & Unlawful Fees**

- **D-1**: Enlarged image showing manipulated court documents

- **D-2**: Photos of unfiled court documents

- **D-3 to D-5**: Excessive fees charged for obtaining court documents that should be free due to self-representation in CPS matters

- **D-6**: Police report filed regarding a false investigation by **Medford Police Department, Officer Whiteman**

**E. Police Body Cam & Court Document Manipulation**

- **E-1 to E-4**: Close-ups of police body cam footage showing that paperwork was **not filed** and lacked jurisdiction

- **E-5 to E-6**: Close-ups of manipulated court documents

C. C 2·12·25 Clarence Carr

SSI Shakira Carr 02/12/2025

Exhibit A-1

## IN THE CIRCUIT COURT OF THE STATE OF OREGON
## FOR JACKSON COUNTY

<table>
<tr><td>In the Matter of:</td><td>)</td><td>Case Number: 23JU05151</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Alize G Carr,</td><td>)</td><td><strong>PROTECTIVE CUSTODY ORDER</strong></td></tr>
<tr><td></td><td>)</td><td>(ORS 419B.150 et seq.)</td></tr>
<tr><td>A Child.</td><td></td><td></td></tr>
</table>

_Verified Correct Copy of Original 10/18/2023_

This matter came before the Court upon the declaration or sworn statement of ☑ DHS ☐ other: _____ under ORS 419B.150 on: Oct 13 , 20 23

Evidence considered:
☑ Declaration dated: 10-13-23 .
☐ Sworn testimony
☐ Other: _____

Child's information (if known): DOB: 08/03/2016   DHS Case Number: 1035462

## THE COURT HEREBY FINDS:

**1. INDIAN CHILD WELFARE ACT (ICWA)/ORICWA FINDINGS**
☑ The ICWA/ORICWA does not apply.
☐ At this time, the Court does not have reason to know that the ICWA/ORICWA applies.
☐ The Court knows or has reason to know that the child is an Indian Child under ICWA/ORICWA. ☐ The child's tribe is unknown, or ☐ the child's tribe is: _____,
and notice under Or Laws 2020, ch. 14, §16 (1ᵉˢ Spec Sess) ☐ was provided ☐ was not provided because the nature of the emergency did not allow for notice.

**2. UCCJEA DETERMINATION**
Based on the submitted declaration and/or sworn testimony, this Court ☐ does ☐ does not have jurisdiction under the UCCJEA (ORS 109.701 to 109.834) to make "a child custody determination".

☑ Oregon is the child's home state (has been living with parent or person acting as a parent for six months or from birth if child less than six months old) (ORS 109.741 (1)(a))
☐ Temporary emergency jurisdiction exists because child has been abandoned or the child, a sibling or parent is being subjected to or threatened with mistreatment or abuse (ORS 109.751).

Exhibit: A-2

_Verified Correct Copy of Original 10/16/2023._

# IN THE CIRCUIT COURT OF THE STATE OF OREGON
## FOR JACKSON COUNTY

In the Matter of:

I Justice Am

~~Justus I Am~~,

A Child.

)
)
)
)

Case Number: 23JU05153

**PROTECTIVE CUSTODY ORDER**
(ORS 419B.150 et seq.)

---

This matter came before the Court upon the declaration or sworn statement of ☑ DHS ☐ other:
under ORS 419B.150 on: **Oct 13**, 20 **23**.

Evidence considered:
☑ Declaration dated: **Oct 13, 2023.**
☐ Sworn testimony
☐ Other:

---

Child's information (if known): DOB: 09/04/2022   DHS Case Number: 1035462

---

## THE COURT HEREBY FINDS:

### 1. INDIAN CHILD WELFARE ACT (ICWA)/ORICWA FINDINGS
☑ The ICWA/ORICWA does not apply.

☐ At this time, the Court does not have reason to know that the ICWA/ORICWA applies.

☐ The Court knows or has reason to know that the child is an Indian Child under
ICWA/ORICWA. ☐ The child's tribe is unknown, or ☐ the child's tribe is: _____,
and notice under Or Laws 2020, ch. 14, §16 (1st Spec Sess) ☐ was provided ☐ was not provided
because the nature of the emergency did not allow for notice.

### 2. UCCJEA DETERMINATION
Based on the submitted declaration and/or sworn testimony, this Court ☐ does ☐ does not have
jurisdiction under the UCCJEA (ORS 109.701 to 109.834) to make "a child custody determination".

☑ Oregon is the child's home state (has been living with parent or person acting as a parent
for six months or from birth if child less than six months old) (ORS 109.741 (1)(a))

☐ Temporary emergency jurisdiction exists because child has been abandoned or the child, a
sibling or parent is being subjected to or threatened with mistreatment or abuse (ORS
109.751).

---

Exhibit A-3

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR JACKSON COUNTY

Verified Correct Copy of Original 12/20/2023
Verified Correct Copy of Original 10/16/2023

| | | |
|---|---|---|
| In the Matter of: | ) | Case Number: 23Ju065151 |
| | ) | Amended |
| Alize G Carr, | ) | PROTECTIVE CUSTODY ORDER |
| | ) | (ORS 419B.150 et seq.) |
| A Child. | ) | |

This matter came before the Court upon the declaration or sworn statement of ☑ DHS ☐ other:
under ORS 419B.150 on: Oct 13 , 20 23

Evidence considered:
☑ Declaration dated: 10-13-23
☐ Sworn testimony
☐ Other: _____

Child's information (if known): DOB: 08/03/2016    DHS Case Number: 1035462

THE COURT HEREBY FINDS:

1. INDIAN CHILD WELFARE ACT (ICWA)/ORICWA FINDINGS
   ☑ The ICWA/ORICWA does not apply.
   ☐ At this time, the Court does not have reason to know that the ICWA/ORICWA applies.
   ☐ The Court knows or has reason to know that the child is an Indian Child under
   ICWA/ORICWA. ☐ The child's tribe is unknown, or ☐ the child's tribe is: _____,
   and notice under Or Laws 2020, ch. 14, §16 (1st Spec Sess) ☐ was provided ☐ was not provided
   because the nature of the emergency did not allow for notice.

2. UCCJEA DETERMINATION
   BB 12-20-23
   Based on the submitted declaration and/or sworn testimony, this Court ☑ does ☐ does not have
   jurisdiction under the UCCJEA (ORS 109.701 to 109.834) to make "a child custody determination".

   ☑ Oregon is the child's home state (has been living with parent or person acting as a parent
      for six months or from birth if child less than six months old) (ORS 109.741 (1)(a))
   ☐ Temporary emergency jurisdiction exists because child has been abandoned or the child, a
      sibling or parent is being subjected to or threatened with mistreatment or abuse (ORS
      109.751).

Exhibit A-4

# IN THE CIRCUIT COURT OF THE STATE OF OREGON
## FOR JACKSON COUNTY

In the Matter of:                    )    Case Number: 23JU05152
                                     )
I Abel Am                            )    Amended
I A Am,                              )    PROTECTIVE CUSTODY ORDER
                                     )    (ORS 419B.150 et seq)
A Child.

This matter came before the Court upon the declaration or sworn statement of ☑ DHS ☐ other:
under ORS 419B.150 on: Oct 13 , 20 23

Evidence considered:
☑ Declaration dated: 10-13-23
☐ Sworn testimony
☐ Other:

Child's information (if known):  DOB: 05/25/2021   DHS Case Number: 1035462

## THE COURT HEREBY FINDS:

**1. INDIAN CHILD WELFARE ACT (ICWA)/ORICWA FINDINGS**
☑ The ICWA/ORICWA does not apply.

☐ At this time, the Court does not have reason to know that the ICWA/ORICWA applies.
☐ The Court knows or has reason to know that the child is an Indian Child under
ICWA/ORICWA. ☐ The child's tribe is unknown, or ☐ the child's tribe is: _____,
and notice under Or Laws 2020, ch. 14, §16 (1st Spec Sess) ☐ was provided ☐ was not provided
because the nature of the emergency did not allow for notice.

BR 12-20-23

**2. UCCJEA DETERMINATION**
Based on the submitted declaration and/or sworn testimony, this Court: ☑ does ☐ does not have
jurisdiction under the UCCJEA (ORS 109.701 to 109.834) to make "a child custody determination".

☑ Oregon is the child's home state (has been living with parent or person acting as a parent
for six months or from birth if child less than six months old):(ORS 109.741 (1)(a))
☐ Temporary emergency jurisdiction exists because child has been abandoned or the child, a
sibling or parent is being subjected to or threatened with mistreatment or abuse (ORS
109.751).

OK

Exhibit: A-5

## IN THE CIRCUIT COURT OF THE STATE OF OREGON
## FOR JACKSON COUNTY

In the Matter of                    )     Case Number: 13JU05153
                                    )     Amended
   I Justice Am                     )     PROTECTIVE CUSTODY ORDER
   ~~Justus I Am~~                  )     (ORS 419B.150 et seq.)
                                    )
A Child.

This matter came before the Court upon the declaration or sworn statement of ☑ DHS  ☐ other: _____
under ORS 419B.150 on: **Oct 13**, 20 **23**.

Evidence considered:
☑ Declaration dated: **Oct 13, 2023.**
☐ Sworn testimony
☐ Other: _____

Child's information (if known): DOB: 09/04/2022   DHS Case Number: 1035462

## THE COURT HEREBY FINDS:

**1. INDIAN CHILD WELFARE ACT (ICWA)/ORICWA FINDINGS**
☑ The ICWA/ORICWA does not apply.
☐ At this time, the Court does not have reason to know that the ICWA/ORICWA applies.
☐ The Court knows or has reason to know that the child is an Indian Child under
ICWA/ORICWA. ☐ The child's tribe is unknown, or ☐ the child's tribe is: _____
and notice under Or Laws 2020, ch. 14, §16 (1ˢᵗ Spec Sess) ☐ was provided ☐ was not provided
because the nature of the emergency did not allow for notice.

BB  12-20-23

**2. UCCJEA DETERMINATION**
Based on the submitted declaration and/or sworn testimony, this Court ☑ does ☐ does not have
jurisdiction under the UCCJEA (ORS 109.701 to 109.834) to make "a child custody determination".

☑ Oregon is the child's home state (has been living with parent or person acting as a parent
for six months or from birth if child less than six months old) (ORS 109.741 (1)(a))
☐ Temporary emergency jurisdiction exists because child has been abandoned or the child, a
sibling or parent is being subjected to or threatened with mistreatment or abuse (ORS
109.751).

 **DHS** | Oregon Department of Human Services
CHILD WELFARE

*Exhibit B-1*

# Declaration for Protective Custody



RECEIVED AND FILED

**IN THE CIRCUIT COURT OF THE STATE OF OREGON**

OCT 13 2023

**FOR THE COUNTY OF  JACKSON**

TRIAL COURT ADMINISTRATOR
DOCKETED BY

Verified Correct Copy of Original 10/16/2023.

In the Matter of:                )
  Alize G. Carr                   )        Case No.: 23JU05151
                                  )
                                  )        DECLARATION IN SUPPORT OF
  a child,                        )        REQUEST FOR PROTECTIVE
                                  )        CUSTODY ORDER

State of Oregon        )
                       )   ss
County of  Jackson     )

I, Clarissa Spencer, declare that I am a caseworker employed by the Department of Human Services, Child Welfare. One of my duties as a caseworker is to investigate reports concerning the welfare of children. I am informed and believe as follows:

| Child Information | |
|---|---|
| 1. Name: Alize G. Carr | DOB: 08/23/2016 |
| Address: 1446 Thomas Rd., Medford, OR 97501 | |
| 2. Places where the child has lived for the last 5 years and with whom, if known: | |
| Alize has resided in Oregon since 2018 with Clarence Carr. Jordan Farris has been in and out of her life during that time. | |

| Parent Information | |
|---|---|
| 3. ☒ Mark those who have legal custody (prior to Child Welfare involvement). Complete "other" for a guardian or another legal parent not otherwise identified. | |
| ☒ Mother's name: Jordan Alise Farris | DOB: 04/09/1992 |
| Address: Unknown | |
| ☒ Father's name: Clarence Earl Carr | DOB: 02/02/1982 |
| Address: 1446 Thomas Rd., Medford, OR 97501 | |
| ☐ Other's name: | DOB: |
| Address: | |
| Relationship to child: | |

THIS FORM IS AVAILABLE IN ALTERNATIVE FORMAT UPON REQUEST

ORS. 419B.171
Distribution: Original-Court

E xhibit B-2



**DHS** | Oregon Department
of Human Services
CHILD WELFARE

# Declaration for Protective Custody

**IN THE CIRCUIT COURT OF THE STATE OF OREGON** RECEIVED AND FILED

**FOR THE COUNTY OF JACKSON**

OCT 13 2023

TRIAL COURT ADMINISTRATOR
DOCKETED BY_____

In the Matter of:

I Justus Am

a child,

)
)
)
)
)
)

Case No.: 23JU 05153

DECLARATION IN SUPPORT OF
REQUEST FOR PROTECTIVE
CUSTODY ORDER

State of Oregon

County of Jackson

)
)   SS
)

I, Clarissa Spencer, declare that I am a caseworker employed by the Department of Human Services, Child Welfare. One of my duties as a caseworker is to investigate reports concerning the welfare of children. I am informed and believe as follows:

| Child Information | |
|---|---|
| 1.  Name: I Justus Am | DOB: 09/04/2022 |
| Address: 1446 Thomas Rd., Medford, OR 97501 | |
| 2. Places where the child has lived for the last 5 years and with whom, if known: | |
| Justus has lived in Medford, OR with her parents since her birth. | |

| Parent Information | |
|---|---|
| 3.  ☒ Mark those who have legal custody (prior to Child Welfare involvement). Complete "other" for a guardian or another legal parent not otherwise identified. | |
| ☒   Mother's name: Shakira Dajnea Chantorius Scissom - Carr | DOB: 07/17/2003 |
| Address: 1446 Thomas Rd., Medford, OR 97501 | |
| ☒   Father's name: Clarence Earl Carr | DOB: 02/02/1982 |
| Address: 1446 Thomas Rd., Medford, OR 97501 | |
| ☐   Other's name: | DOB: |
| Address: | |
| Relationship to child: | |

THIS FORM IS AVAILABLE IN ALTERNATIVE FORMAT UPON REQUEST

ORS. 419B 171
Distribution: Original-Court

Exhibit B-3

**DHS** | Oregon Department
of Human Services
CHILD WELFARE

# Declaration for Protective Custody

### IN THE CIRCUIT COURT OF THE STATE OF OREGON

RECEIVED AND FILED

#### FOR THE COUNTY OF JACKSON

OCT 13 2023

| | |
|---|---|
| In the Matter of: | ) |
| I Justus Am | ) |
| | ) |
| a child, | ) |
| | ) |
| | ) |

TRIAL COURT ADMINISTRATOR
DOCKETED BY

Case No.: 23JU 05153

DECLARATION IN SUPPORT OF
REQUEST FOR PROTECTIVE
CUSTODY ORDER

| | |
|---|---|
| State of Oregon | ) |
| | ) ss |
| County of Jackson | ) |

I, Clarissa Spencer, declare that I am a caseworker employed by the Department of Human Services, Child Welfare. One of my duties as a caseworker is to investigate reports concerning the welfare of children. I am informed and believe as follows:

| Child Information | |
|---|---|
| 1. Name: I Justus Am | DOB: 09/04/2022 |
| Address: 1446 Thomas Rd., Medford, OR 97501 | |
| 2. Places where the child has lived for the last 5 years and with whom, if known: | |
| Justus has lived in Medford, OR with her parents since her birth. | |

| Parent Information | |
|---|---|
| 3. ☒ Mark those who have legal custody (prior to Child Welfare involvement). Complete "other" for a guardian or another legal parent not otherwise identified. | |
| ☒ Mother's name: Shakira Dajnea Chantorius Scissom – Carr | DOB: 07/17/2003 |
| Address: 1446 Thomas Rd., Medford, OR 97501 | |
| ☒ Father's name: Clarence Earl Carr | DOB: 02/02/1982 |
| Address: 1446 Thomas Rd., Medford, OR 97501 | |
| ☐ Other's name: | DOB: |
| Address: | |
| Relationship to child: | |

THIS FORM IS AVAILABLE IN ALTERNATIVE FORMAT UPON REQUEST

ORS. 419B 171
Distribution: Original-Court

Exhibit B4

 **DHS** | Oregon Department of Human Services
CHILD WELFARE

# Declaration for Protective Custody

RECEIVED AND FILED

### IN THE CIRCUIT COURT OF THE STATE OF OREGON

OCT 13 2023

TRIAL COURT ADMINISTRATOR
DOCKETED BY

#### FOR THE COUNTY OF JACKSON

| | |
|---|---|
| the Matter of: ) | |
| I Abel Am ) | Case No.: 23JU05152 |
| ) | |
| a child, ) | DECLARATION IN SUPPORT OF REQUEST FOR PROTECTIVE CUSTODY ORDER |
| ) | |
| State of Oregon ) | |
| County of Jackson ) ss | |

I, Clarissa Spencer, declare that I am a caseworker employed by the Department of Human Services, Child Welfare. One of my duties as a caseworker is to investigate reports concerning the welfare of children. I am informed and believe as follows:

| Child Information | |
|---|---|
| 1. Name: I Abel Am | DOB: 05/25/2021 |
| Address: 1446 Thomas Rd., Medford, OR 97501 | |
| 2. Places where the child has lived for the last 5 years and with whom, if known: | |
| Abel has lived in Medford, OR with his parents since birth. | |

| Parent Information | |
|---|---|
| 3. ☒ Mark those who have legal custody (prior to Child Welfare involvement). Complete "other" for a guardian or another legal parent not otherwise identified. | |
| ☒ Mother's name: Shakira Dajnea Chantorius Scissom - Carr | DOB: 07/17/2003 |
| Address: 1446 Thomas Rd., Medford, OR 97501 | |
| ☒ Father's name: Clarence Earl Carr | DOB: 02/02/1982 |
| Address: 1446 Thomas Rd., Medford, OR 97501 | |
| ☐ Other's name: | DOB: |
| Address: | |
| Relationship to child: | |

3 of 5

THIS FORM IS AVAILABLE IN ALTERNATIVE FORMAT UPON REQUEST

ORS: 419B 171
Distribution: Original-Court
Copy-Case File

Page 1 of 6

CF 0465 (01/2020)

Exhibit C-1

## IN THE CIRCUIT COURT OF THE STATE OF OREGON
## FOR JACKSON COUNTY

_Verified Correct Copy of Original 10/16/2023

In the Matter of:                               )    Case Number: 23JU05153
~~I Justice Am~~                                )
~~Justus I Am,~~                                )    **PROTECTIVE CUSTODY ORDER**
                                                )    (ORS 419B.150 et seq.)
A Child.

---

This matter came before the Court upon the declaration or sworn statement of ☑ DHS  ☐ other:
_____ under ORS 419B.150 on: Oct 13 , 20 23 .

Evidence considered:
☑ Declaration dated: Oct 13, 2023 .
☐ Sworn testimony
☐ Other: _____

Child's information (if known): DOB: 09/04/2022   DHS Case Number: 1035462

---

## THE COURT HEREBY FINDS:

### 1. INDIAN CHILD WELFARE ACT (ICWA)/ORICWA FINDINGS
☑ The ICWA/ORICWA **does not** apply.

☐ At this time, the Court **does not have reason to know that the ICWA/ORICWA applies.**

☐ The Court **knows or has reason to know** that the **child is an Indian Child** under
ICWA/ORICWA. ☐ The child's tribe is unknown, or ☐ the child's tribe is: _____,
and notice under Or Laws 2020, ch. 14, §16 (1st Spec Sess) ☐ was provided ☐ was not provided
because the nature of the emergency did not allow for notice.

### 2. UCCJEA DETERMINATION
Based on the submitted declaration and/or sworn testimony, this Court ☐ **does** ☐ **does not** have
jurisdiction under the UCCJEA (ORS 109.701 to 109.834) to make "a child custody determination".

☑ Oregon is the child's home state (has been living with parent or person acting as a parent
for six months or from birth if child less than six months old) (ORS 109.741 (1)(a))

☐ Temporary emergency jurisdiction exists because child has been abandoned or the child, a
sibling or parent is being subjected to or threatened with mistreatment or abuse (ORS
109.751).



State of Oregon County of Jackson
I certify that this is a true and correct copy of a document on file
provided one of the court's administration for Jackson County Circuit Court.

Court Administrator for Jackson County Circuit Court or designee
(electronic signature)
_____ Date: 10/16/2023
Jennifer Hinds · Court Clerk

*Exhibit C-2*

*Verified Correct Copy of Original 10/16/2023*

**3. PROTECTIVE CUSTODY FINDINGS**

The Court finds that protective custody ☑ **is** ☐ **is not** necessary and the least restrictive means available to:

☑ protect the child from abuse, and/or

☐ prevent the child from inflicting harm on self or others, and/or

☐ ensure that the child remains within the reach of the juvenile court to protect the child from abuse or to prevent the child from inflicting harm on self or others, and/or

☐ ensure the safety of a child who has run away from home, **or**

☐ (if ICWA/ORICWA applies) prevent imminent physical damage or harm to the child

**AND**

Protective custody ☑ **is** ☐ **is not** in the best interests of the child.

## ORDER:

The request for a protective custody order is: ☑ Granted  ☐ Denied

It is ordered that a peace officer, authorized employee of the State of Oregon Department of Human Services ☐ or other: _____ take the above-named child, described in the attached declaration, into protective custody. A peace officer must take all reasonable steps to take the child into protective custody including by entering any vehicle or premises as necessary to execute this order if there is probable cause to believe the child is present in the vehicle or premises.

☐ Additional orders: _____

_____

_____

The child may not be held more than 24 hours (excluding judicial holidays and weekends) without a shelter hearing.

If oral testimony was offered outside of the courtroom in support of this order, the applicant shall retain a copy of the recorded testimony.

10-13-23

Benjamin M. Bloom, Circuit Court Judge

Exhibit C-3

# IN THE CIRCUIT COURT OF THE STATE OF OREGON
# FOR JACKSON COUNTY

In the Matter of:                              )    Case Number: 23JU05152
I Abel Am                                      )
FA Am,                                         )    **PROTECTIVE CUSTODY ORDER**
                                               )    (ORS 419B.150 et seq)
A Child.

_Verified Correct Copy of Original 10/16/2023._

---

This matter came before the Court upon the declaration or sworn statement of ☑ DHS  ☐ other:
_____ under ORS 419B.150 on: Oct 13 , 20 23

Evidence considered:
☑ Declaration dated:  10-13-23 .
☐ Sworn testimony
☐ Other: _____

Child's information (if known):  DOB: 05/25/2021   DHS Case Number: 1035462

---

## THE COURT HEREBY FINDS:

1. **INDIAN CHILD WELFARE ACT (ICWA)/ORICWA FINDINGS**
   ☑ The ICWA/ORICWA **does not** apply.
   ☐ At this time, the Court **does not have reason to know that the ICWA/ORICWA applies.**
   ☐ The Court **knows or has reason to know** that the **child is an Indian Child** under
   ICWA/ORICWA.  ☐  The child's tribe is unknown, or ☐ the child's tribe is: _____ ,
   and notice under Or Laws 2020, ch. 14, §16 (1ˢᵗ Spec Sess) ☐ was provided ☐ was not provided
   because the nature of the emergency did not allow for notice.

2. **UCCJEA DETERMINATION**
   Based on the submitted declaration and/or sworn testimony, this Court ☐ **does** ☐ **does not** have
   jurisdiction under the UCCJEA (ORS 109.701 to 109.834) to make "a child custody determination".

   ☑ Oregon is the child's home state (has been living with parent or person acting as a parent
   for six months or from birth if child less than six months old) (ORS 109.741 (1)(a))
   ☐ Temporary emergency jurisdiction exists because child has been abandoned or the child, a
   sibling or parent is being subjected to or threatened with mistreatment or abuse (ORS
   109.751).



State of Oregon County of Jackson
I certify that this is a true and correct copy of a document in the custodian of the court administrator for Jackson County Circuit Court
Court Administrator for Jackson County Circuit Court or not given
[electronic signature]
Jennifer Freund / Court Clerk   Date: 10/16/2023

*Exhibit C*

**3. PROTECTIVE CUSTODY FINDINGS**

The Court finds that protective custody ☑ **is** ☐ **is not** necessary and the least restrictive means available to:

☑ protect the child from abuse, and/or

☐ prevent the child from inflicting harm on self or others, and/or

☐ ensure that the child remains within the reach of the juvenile court to protect the child from abuse or to prevent the child from inflicting harm on self or others, and/or

☐ ensure the safety of a child who has run away from home, **or**

☐ (if ICWA/ORICWA applies) prevent imminent physical damage or harm to the child

**AND**

Protective custody ☑ **is** ☐ **is not** in the best interests of the child.

**ORDER:**

The request for a protective custody order is: ☑ Granted ☐ Denied

It is ordered that a peace officer, authorized employee of the State of Oregon Department of Human Services ☐ or other: _____ take the above-named child, described in the attached declaration, into protective custody. A peace officer must take all reasonable steps to take the child into protective custody including by entering any vehicle or premises as necessary to execute this order if there is probable cause to believe the child is present in the vehicle or premises.

☐ Additional orders: _____

_____

_____

The child may not be held more than 24 hours (excluding judicial holidays and weekends) without a shelter hearing.

If oral testimony was offered outside of the courtroom in support of this order, the applicant shall retain a copy of the recorded testimony.

10-13-23

Benjamin M. Bloom, *Circuit Court Judge*

Verified Correct Copy of Original 10/18/2023







# Circuit Court of the State of Oregon
# for Jackson County

Jackson County Justice Building — 100 S. Oakdale, Medford, OR 97501

Telephone (541) 776-7171                    FAX (541) 776-7057

December 17, 2024

Clarence Carr
1446 Thomas Rd.
Medford, OR 97501

Re:    Filings for the Transcript Coordinator

Dear Mr. Carr:

The transcript coordinator cannot process the documents you submitted on or about
December 17, 2024, because it does not have the connecting Court of Appeals case
numbers. The pleading has been unfiled and returned to you with this letter.

You are encouraged to consult with a legal counsel if you have any questions regarding
this letter.

Sincerely,

Debbie S.
Court Manager
Jackson County Circuit Court

Enclosures:   Unfiled "Notice of Intent to Seek Writ of Mandamus from Appellate Court"
              "Notice of Intent to Seek Writ of Mandamus from Appellate Court"
              submitted to TCA in an envelope.

and Shakira Carr
Rd
37501
199-0212

**IN THE CIRCUIT COURT OF THE STATE OF OREGON**
**FOR THE COUNTY OF JACKSON**

ble Am, I Justus Am, Baby Boy Carr

5151, 23JU05152, 23JU05153, 24JU04428

**INTENT TO SEEK WRIT OF MANDAMUS FROM APPELLATE COURT**

iorable Judge Presiding in the Circuit Court of the State of Oregon for the
ackson, Respondents, and All Interested Parties:

HEREBY GIVEN that Petitioners Clarence Carr and Shakira Carr intend to
: of Mandamus from the Oregon Court of Appeals pursuant to ORS 34.110,
j the Circuit Court of Jackson County to act on matters improperly delayed
irly decided in relation to the ongoing custody cases of Alize Carr, I Able Am,
n, and Baby Boy Carr.

**FOR SEEKING WRIT OF MANDAMUS**

lawful Delay: The Circuit Court has failed to adequately address the
igularities raised by Petitioners regarding the removal of th
:luding:

o   The use of Protective Custody Orders and Declaratior
    lawfully filed or supported.

o   Procedural irregularities and evidence tampering th
    investigated despite clear and substantial evidence

ick of Jurisdiction: The removal of Petitioners' children (
as conducted without lawful jurisdiction or valid orders
/ discrepancies in court filings and timestamps.

iolation of Rights: Petitioners have been denied due pr
ccess to certified court documents and an evidentian
rocedural irregularities and allegations of fraud by Re

Clarence Carr, Shakira Carr
1446 Thomas Rd
Medford OR97501
Phone | 541-498-0212

**IN THE CIRCUIT COURT OF THE STATE OF OREGON**
**FOR THE COUNTY OF JACKSON**

Alize Carr, I Able Am, I Justus Am, Baby Boy Carr

Case No. 23JU05151, 23JU05152, 23JU05153, 24JU04428

**NOTICE OF JUDICIAL REVIEW**

TO: The Honorable Judge Presiding, Parties, and Counsel of Record

COMES NOW Clarence Carr self-represented party and Shakira Carr and hereby provides
notice that Clarence Carr and Shakira Carr is seeking judicial review from the Oregon Court
of Appeals in the above-referenced cases.

This Notice serves to inform the Circuit C

JACKSON COUNTY CIRCUIT COURT
100 SOUTH OAKDALE AVENUE
MEDFORD, OR 97501-3127

LAREANCE CARR
46 THOMAS RD
EDFORD OR 97501

Clarence Carr and Shakira Carr
1446 Thomas Rd
Medford, OR 97501
Phone: (541) 498-0212

**IN THE CIRCUIT COURT OF THE STATE OF OR**
**FOR THE COUNTY OF JACKSON**

Alize Carr, I Able Am, I Justus Am, Baby Boy Carr

Case#23JU05151, 23JU05152, 23JU05153, 24JU04428

**NOTICE OF INTENT TO SEEK WRIT OF MANDAMUS FROM APPEL**
TO: The Honorable Judge Presiding in the Circuit Court of the St
County of Jackson, Respondents, and All Interested Parties:

NOTICE IS HEREBY GIVEN that Petitioners Clarence Carr and Sh
seek a Writ of Mandamus from the Oregon Court of Appeals pur
urt of Jackson County to act on matter
elation to the ongoing custody cases (
Carr.

**WRIT OF MANDAMUS**

a Circuit Court has failed to adequatel
d by Petitioners regarding the removal

rotective Custody Orders and Declarat
d or supported.

irregularities and evidence tampering t
despite clear and substantial evidenc

n The removal of Petitioners' children (
thout lawful jurisdiction or valid orders
court filings and timestamps.

Petitioners have been denied due proc
court documents and an evidentiary he
rities and allegations

Exhibit-D3

Exhibit D-4

### Court Records Request #6955  Inbox



**JAC Records Group** <JAC.Records.Group@ojd.state.or.us>
to me

Mon, Dec 9, 2024, 10:08 AM

Mr. Clarence Carr:

Please be advised that there is no hearing log available for the dates you requested; and that the total cost of the copy and certification for all four cases are $142. If the payment is received by 12/13/24, the certified copies will be available for pick up.

Thank you for your corporation.

The Records Unit.
541-776-7171

**Karin P. Anderson** <Karin.P.Anderson@ojd.state.or.us>
to me

Fri, Dec 13, 2024, 3:03 PM

### Circuit Court of the State of Oregon
### for Jackson County

**Jackson County Justice Building, 100 S Oakdale Ave, Medford, Oregon 97501-3127**

Telephone: (541)776-7171  Fax: (541)776-7057  www.courts.oregon.gov/jackson

**PLEASE NOTE:** As set forth in Chief Justice Order No. 14-066; The following copy fees shall be charged and collected in the Jackson County Circuit Court. Required to pay: 1) General Public 2) All Federal Agencies 3) All Out of State Agencies 4) All County and City Agencies located outside of Jackson County.

**FEES:**

- $.25 per page for each photographic or printed copy of a page, without regard to medium.
  - $5.00 per Certification stamp + $.25 per page.
  - $10.00 per Exemplified stamp + $.25 per page.
  - $0.20 per page if converted to electronic format.
  - $0.45 per page if microfilm is converted to electronic format.
- Outgoing or incoming copies sent by facsimile (fax) as a courtesy convenience for parties, public or counsel: $2.00 for first page and $1.00 each additional page.
  - Shipping and handling for mailed copies are based upon the number of pages and/or shipping weight.
  - $10.00 for each audio

*Your records request will not be processed until payment is made. Jackson County Circuit Court accepts cash, check, cashier check, money order, Visa, Mastercard or Debit Cards with these logos. The court has a $3.00 minimum credit card charge regardless of the number of copies. This applies to payments at the counter and over the phone.*



**I Am** <recordsforclarence@gmail.com>
to Karin

Sat, Dec 14, 2024, 10:07 AM

It's my understanding that i'm a pro se litigant and should have access to all court documents and able to review the record as documented by numerous attempts to obtain discovery and case related material have been blocked, denied, and finically statues has been used to block my legal right to documentation.

Exhibit D-5

I Am <recordsforclarence@gmail.com>

---

## Court Records Request #6955

---

JAC Records Group <JAC.Records.Group@ojd.state.or.us>                    Fri, Dec 13 at 1:52 PM
To: recordsforclarence@gmail.com <recordsforclarence@gmail.com>

Mr. Carr:

Thank you for your email. Per your request: "Certified copies of the hearing log and everything submitted to the courts for 10/13/2023 and 10/16/2023." Case numbers: 23JU05151 23JU05152 23JU05153.

Declaration – Protective Custody:    7 pages x.25 (cost per page) +5 certification fees= $6.75 x3 cases=$20.25

Order – Protective Custody:    2 pages x.25+5 = $5.50 x 3=$16.50

Order Appoint/Deny Counsel:    1 pages x.25+5=$5.25x3=$15.75

Order Shelter Care:    4 pages x.25+5=6x3=$18

Petition – Dependency:    4 pages x.25+5=6x3=$18

Protective Custody Report    9 pages x.25+5=7.25x3=$21.75

Grand total copy cost: 20.25+16.50+15.75+18+18+21.75= **$110.25.** The previous calculation of $142 is incorrect.

The Records Unit.

541-776-7171

**From:** I Am <recordsforclarence@gmail.com>
**Sent:** Wednesday, December 11, 2024 10:25 AM
**To:** JAC Records Group <JAC.Records.Group@ojd.state.or.us>
**Subject:** Re: Court Records Request #6955

> **WARNING:** This email is from outside of the Oregon Judicial Department. If links or files in this email are unexpected, even if from an email address you trust, please call the sender on the phone and verify them before you click.

[Quoted text hidden]

7 of 7





Exhibit D6

December 6, 2024

Dear Clarence Carr,

This letter is in response to the officer complaint filed on November 22, 2024, with the Medford Police Department.

I have reviewed the complaint, applicable laws, applicable policy, video footage of the incident, and the protection order involved. As a result of this investigation, I have concluded the following. The complaint filed alleging Officer Harvey violated Medford Police Department Policy and Oregon law by unlawfully arresting you, unlawfully entering your residence, and unlawfully enforcing a protection order signed by Judge Bloom are <u>unfounded</u>. This investigation is now considered closed.

I would like to thank you for contacting the Medford Police Department regarding your concerns in this matter. The Medford Police Department takes every complaint seriously and we are committed to providing excellent service to the citizens we serve. Furthermore, we are committed to continuous improvement and customer service which can only be accomplished when issues such as this are brought to our attention.

Sincerely,

Ernie Whiteman
Patrol Sergeant
Medford Police Department













Exhibit E-5

r Protective Cust

= ORE~~GON~~ RECEIVED AND FILED

OCT 1 3 2023

TRIAL COURT ADMINISTRATOR
DOCKETED BY_____

3JU 05153

Exhibit E-6

