IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CLARENCE CARR and<br>SHAKIRA CARR,<br><br>    Plaintiffs,<br><br>    v.<br><br>OREGON DEPARTMENT OF HUMAN<br>SERVICES, et al,<br><br>    Defendants. | Case No. 1:25-cv-00242-MC<br><br>OPINION AND ORDER |

MCSHANE, Judge:

  Self-represented Plaintiffs Clarence and Shakira Carr seek leave to proceed *in forma pauperis* ("IFP") in this action. *See* Pls.' Compl., ECF No. 1.; Pls.' IFP Appl., ECF No. 2.

  This Court has discretion in deciding whether to grant IFP. *See O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). To qualify, a civil litigant must demonstrate both that the litigant is unable to pay court fees and that the claims the litigant seeks to pursue are not frivolous. 28 U.S.C. §§ 1915(a)(1), 1915(e)(2)(B)(i); *O'Loughlin*, 920 F.2d at 617. The court construes pleadings by self-represented litigants liberally, affording the litigant "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). Unless it is "absolutely clear" that the complaint's defects cannot be cured by amendment, a self-represented litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

Plaintiffs here have already been notified of their claims' deficiencies and provided an opportunity to amend. *See Carr et al v. Leonard et al*, Case No. 1:24-cv-01681-CL. Having had their previous complaint dismissed for failure to cure, Plaintiffs now attempt to reinstitute the same case in a new division. Because the same issues remain, this Court dismisses the instant Complaint and denies Plaintiffs' IFP Application, as explained below.

## DISCUSSION

On October 2, 2024, Plaintiffs Shakira and Clarence Carr filed a complaint and a motion for a temporary restraining order in the Medford Division. *See Leonard* Compl., ECF No. 1; Mot., ECF No. 7. Plaintiffs alleged that they suffered civil rights violations during a custody matter that began in October 2023 and resulted in the removal of Plaintiffs' children from their custody. The named defendants included: the Oregon Department of Human Services ("DHS"), various DHS agents, the Medford Police Department, Officer Cleo Harvey, Jackson County Circuit Court Judges Hoppe and Bloom, Attorney General Jeremy Karns, and "additional defendants to be determined." *Leonard* Compl., 1–2. Plaintiffs asserted claims for First, Fourth, Sixth, and Fourteenth Amendment violations, as well as claims for conspiracy, fraud, malpractice, intentional infliction of emotional distress, and "violations of common law rights." *Id.* at 7–10.

The following day, the Court denied Plaintiffs' motion, explaining that the claims that Plaintiffs sought to pursue were barred by the *Rooker-Feldman* doctrine, the *Younger* abstention doctrine, and absolute judicial immunity. *Leonard* Op. and Order, ECF No. 8. Based on that same reasoning, the Court found that the complaint failed to state a claim and dismissed it, granting Plaintiffs an opportunity to cure with amendment. *Leonard* Op. and Order, ECF No. 9. Plaintiffs timely filed an amended complaint, but it failed to cure all deficiencies. The Court

accordingly dismissed the complaint with prejudice and without leave to amend. *Leonard* F. & R., ECF No. 16 (adopted in full at ECF No. 19). Plaintiffs appealed to the Ninth Circuit, and that appeal is still pending. *Leonard* Notice, ECF No. 21.

Despite that, Plaintiff filed this action on February 12, 2025, listing nearly identical defendants, claims, and allegations. In this Complaint, improperly styled as a "petition for writ of habeas corpus," Plaintiffs allege that they suffered civil rights deprivations during the same October 2023 custody matter. Pls.' Compl. 2–5. The Complaint names essentially the same defendants: DHS, "various CPS agents," the Medford Police Department, Officer Cleo Harvey, Jackson County Circuit Court, Attorney General Jeremy Karns, and "any and all persons acting in concert to deprive Petitioners of their constitutional rights." *Id.* at 2. Plaintiffs assert claims for First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendment violations, fraud and conspiracy, and a new claim for violation of the Indian Child Welfare Act. *Id.* at 4–5. As relief, Plaintiffs request (1) a writ of habeas corpus directing Defendants "to immediately rectify the unlawful seizure of their children," (2) an order compelling "an evidentiary hearing to review the fraudulent removal process," (3) a declaration that DHS's actions were unconstitutional, (4) a declaration that Plaintiffs' children must be immediately returned to their custody, (5) a referral of this matter for federal investigation, and (6) any other relief deemed just and proper. *Id.* at 5.

Because the defendants, claims, and allegations are largely unchanged from the *Leonard* Complaint to the instant one, the Court's past rulings still apply. Plaintiffs continue to allege the same defendants infringed their constitutional rights, continue to seek an investigation into DHS and its removal process, and continue to challenge the state court's custody decision and impartiality. As before, those claims are barred. Plaintiffs were given notice of those deficiencies and afforded an opportunity to cure in light of the Court's findings. Plaintiffs failed to do so. The

3 – Opinion and Order

Court properly dismissed a second time with prejudice and without leave to amend. Plaintiffs took their opportunity to appeal, and while that appeal is still pending, Plaintiffs are not permitted to circumvent *Leonard* by merely reinstituting the same case in a different division.

For the same reasons, res judicata (or "claim preclusion") bars Plaintiffs from bringing this action. "Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (quoting *West'n Radio Servs. Co. Glickman*, 143 F.3d 1196, 1200 (9th Cir. 1998)). "The doctrine is available whenever there is: "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Id.* Here, all of Plaintiffs' claims "arise out of the same transactional nucleus of facts" as has been previously adjudicated in the prior proceedings. *Id.* at 714 (quoting *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000)). As Plaintiffs' claims are barred by res judicata, the claims must be dismissed.

## CONCLUSION

For the reasons stated above, Plaintiffs' Complaint, ECF No. 1, is DISMISSED with prejudice and without leave to amend. Plaintiffs' Application, ECF No. 2, is DENIED.

IT IS SO ORDERED.

DATED this __6th__ day of _____March_____, 2025.

                                                  _____/s/Michael McShane_____
                                                        Michael McShane
                                            United States District Judge